**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

_____/

JOSE LUIS GARCIA SALINAS, *and all others similarly situated*,

               Plaintiff,

vs.

PVO TRUCKING, INC., a Florida corporation, and PASTOR V. ORTEZ, an individual,

               Defendants,

_____/

## VERIFIED COMPLAINT

JOSE LUIS GARCIA SALINAS ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Law Offices of Nolan Klein, P.A., hereby sues PVO TRUCKING, INC. ("Corporate Defendant") and PASTOR V. ORTEZ ("Individual Defendant") (Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself, and all other similarly situated individuals, for unpaid minimum wages, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. Plaintiff seeks certification of this action as a collective action on behalf of himself individually, and on behalf of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendants operate their business in this District, and Plaintiff was employed in this District.

## PARTIES

5. Plaintiff is over the age of 18 years, sui juris, and is a resident of this State.

6. Corporate Defendant is a corporation existing under the laws of the State of Florida.

7. Corporate Defendant provides freight transportation services and is located at 12774 SW 135 Terr., Miami, FL 33186.

8. On information and belief, Individual Defendant, PASTOR V. ORTEZ is over the age of 18 years, *sui juris*, and owns (in whole or in part), operates, and/or controls the Corporate Defendant, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant.

9. Individual Defendant PASTOR V. ORTEZ is sued herein in his individually capacity because, on information and belief, he is an owner, officer and/or agent of Corporate Defendant.

10. Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

11. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12. Upon on information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

13. Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14. At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA.

15. Plaintiff worked for the Defendants for approximately five (5) years, from 2019 through January 17, 2024.

16. Plaintiff was employed to work as a delivery assistant for Defendants, and his job duties included assisting with deliveries of roofing materials and any other task or jobs that they assigned at any given time.

17. Plaintiff did not transport goods or passengers between state lines and his deliveries were of goods from one point in Florida, to another point in Florida.

18. Plaintiff work duties required neither discretion nor independent judgement.

19. Plaintiff worked for Defendants from Monday through Friday from 5:00 a.m. until 7:00 p.m. or 8:00 p.m. Accordingly, Plaintiff worked approximately 45-50 hours per week.

20. Plaintiff was paid between $700 and $800 dollars per week by cash and check, with no pay raises during the term of his employment.

21. Defendants failed to pay Plaintiffs any overtime premium (time and a half) for hours worked over forty (40) in each work week.

22. Upon information and belief, Defendants conduct extended beyond Plaintiffs to all other similarly situates employees, including non-exempt employees working in other departments of the Defendant business.

23. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA.

24. As part of their regular business practice, Defendant have willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this complaint, in violation of the federal and state right of the Plaintiffs, similarly situated individuals, and members of the proposed Class by misclassifying them as independent contractors when Plaintiff was, in fact, an employee.

## FLSA COLLECTIVE ACTION CLAIMS

25. Plaintiff brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

26. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage for all hours worked.

27. The claims of Plaintiff stated herein are like those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
## (Violation of the Overtime Provisions of the FLSA)

28. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

29. 29 U.S.C. §207(a)(1) states, *inter alia,* that "if an employer employs an employee for more than 40 hours in any work week, the employer must compensate the employee for hours in excess of 40 at the rate of at least one and one and half times the employee's regular rate..."

30. Defendants' failure to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional. Defendants knew of the overtime requirements of the Act and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law. Accordingly, Plaintiff is entitled, and specifically requests, liquidated damages in an amount equal to double the unpaid time and a half that is due and owing. Plaintiff further requests all reasonable attorney's fees and litigation costs from the Defendants, jointly and severally, pursuant to the FLSA as cited above, with all amounts set forth hereinabove to be proven at trial, in a trial by jury, and for entry of judgment for such other amounts as this Court deems just and equitable under the circumstances.

31. Further, upon information and belief, Defendants have employed other individuals during the subject time period, and each of these individuals was not paid a full and proper overtime wage as required by Florida and Federal law, and Plaintiff reserves the right to add additional persons to this action plaintiffs, and to move this Court for certification of a collective action.

WHEREFORE, Plaintiff Jose Luis Garcia Salinas, respectfully requests that this Court enter an Order certifying a collective of similarly situated employees, and Judgement awarding

Plaintiff and the Collective all unpaid overtime wages, liquidated damages, attorney's fees and costs, and all such other relief as is deemed just and equitable under the circumstances presented.

February 22, 2024.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH:     (954) 745-0588

 By:   */s/ Nolan Klein*
NOLAN KLEIN, ESQUIRE
(NK 4223)
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

## CONSENTIMIENTO PARA DEMANDAR BAJO
## LA LEY DE NORMAS LABORALES JUSTAS
## (FAIR LABOR STANDARDS ACT)

Yo, **JOSE LUIS GARCIA SALINAS** soy un empleado o ex empleado de **PVO TRUCKING INC** y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda me han sido explicadas en español y todas son verdaderas y correctas a mi entender, información y creencia. He consentido para ser demandante en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

Fecha: 2/21/2024 .

DocuSigned by:
*Jose Luis Garcia*
0397759E601A4AB...
**JOSE LUIS GARCIA SALINAS**

7